COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                       NO.
02-06-162-CR

 

 

JAMON HESTAND                                                               APPELLANT

 

                                                   V.

 

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

FROM
THE 158TH DISTRICT COURT OF DENTON COUNTY 

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Jamon Hestand attempts to appeal
his conviction of burglary of a habitation. 
After Appellant pled guilty, the court assessed his punishment at twenty
years= confinement.  We dismiss the appeal for want of
jurisdiction.








Pursuant to rule 26.2 of the
rules of appellate procedure, a notice of appeal must be filed within 30 days
after the date sentence is imposed, or within 90 days after the date sentence
is imposed if the defendant files a timely motion for new trial.  Tex.
R. App. P. 26.2(a).  Appellant=s sentence was imposed on December 2, 2005.  No motion for new trial was filed, so
Appellant=s notice of
appeal was due January 2, 2006.  On May
5, 2006, Appellant filed his pro se notice of appeal, which was not accompanied
by a motion for extension of time.  See Tex.
R. App. P. 26.3.           

On May 18, 2006, we notified
Appellant of the apparent untimeliness of the notice of appeal and stated we
would dismiss the appeal unless we received a response showing grounds for
continuing the appeal.  See Tex. R. App. P. 44.3.  Appellant=s response requests we permit an out-of-time appeal.  This court does not have jurisdiction to
grant a motion for an out-of-time appeal; Appellant=s proper remedy is to seek an out-of-time appeal through a writ of
habeas corpus.  See Tex. Code Crim. Proc. Ann. art. 11.07
(Vernon 2005); Ater v. Eighth Ct. of App., 802 S.W.2d 241, 243 (Tex.
Crim. App. 1991) (orig. proceeding).  








Because Appellant=s notice of appeal was untimely, we have no jurisdiction over this
appeal.  See Olivo v. State, 918
S.W.2d 519, 522-23 (Tex. Crim. App. 1996); see also Slaton v. State, 981
S.W.2d 208, 209-10 (Tex. Crim. App. 1998). 
Accordingly, we dismiss this appeal for want of jurisdiction. 

 

PER CURIAM        

PANEL
D:  HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R.
App. P. 47.2(b)

 

DELIVERED: 
June 29, 2006

 

 

 











[1]See Tex.
R. App. P. 47.4.